**Ruben Albert MAIZE, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 26876**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Dec. 30, 1969.

Ruben Albert Maize, pro se.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Robert R. Crittenden, Morton J. Hanlon, Asst. Attys. Gen., Lakeland, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM.

 This habeas petition was brought by Petitioner Maize on the ground that the State denied him due process in that he was convicted with the perjured testimony of Gerald Brown.[1] His petition was denied without a hearing by the District Court. We affirm.

Petitioner was given a post-conviction hearing in the State Court and from that hearing these important facts can be gleaned:

In November 1964 Gerald Brown testified adversely to petitioner at his State trial.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I [No. 27439, Oct. 7, 1969].

152

■ On December 5, 1964, Brown testified at the State trial of Sayles and Edwards.

■ In August 1965 Brown wrote letters to the Court and to the Governor of Florida stating that his testimony at Sayles' trial [2] was false.

■ On September 9, 1965, Brown was returned to the Court on the strength of the letters [3] whereupon he testified to the Court under oath that the matters set forth in the letters [3] were false. He also stated to the Court that he had not lied in connection with any proceeding, [1] and [2], involving "any of the individuals known in this community as the Bonzo gang."

■ In December 1965 Brown swore in an affidavit under oath that he had falsely testified at Sayles' trial [2].

■ On January 10, 1966, Brown was returned again to Court and gave testimony under oath that he had not read the affidavit [5] before signing it, and that he had not lied at Sayles' trial [2]. He also testified that he had not falsely testified at Maize's November 23, 1964 trial [1]. And he testified that he had never falsely testified under oath regarding the so-called Bonzo trials, [1] and [2], and that he had not made any false statements except the letters [3] and affidavit [5].

■ On September 8, 1966, a hearing in State Court on Petitioner Maize's second amended motion to vacate judgment and sentence was held. At this hearing witness Brown recounted the above experiences [1]–[6]. He stated that the testimony given in the previous two hearings, [4] and [6], was a lie and that he had in fact lied at Maize's original trial [1].

■ The Trial Judge was presented with a credibility choice which he was justified in determining adversely to Petitioner. Brown's testimony was rebutted by Brown himself by his succession of recantations in which he acknowledged under oath that at these several times he had lied under oath. Nothing can be more destructive to credibility than this.

Of course, it takes more than a recantation to make out perjury. And when the witness recants the recantation and then recants the re-recantation, a Trial Judge neither needs nor must credit him.

The District Judge was clearly correct in denying the petition without a hearing.

Affirmed.